IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHLEEN D. BURKS,

    Plaintiff,                    No. 2:12-cv-1975 JAM DAD PS

    vs.

KENNETH L. SALAZAR,         ORDER
Secretary of the Interior, et al.,

    Defendants,

_____/

       Plaintiff commenced this action on May 4, 2012, by filing a complaint in the U.S. District Court for the Northern District of California and paying the required filing fee. (Doc. No. 1.) This action was transferred from the Northern District of California to this court on July 30, 2012. Plaintiff Kathleen Burks is proceeding pro se and the action has therefore been referred to the undersigned pursuant to Local Rule 302(c)(21) for all purposes encompassed by that rule.

       On September 17, 2012, defendants filed a motion to dismiss. (Doc. No. 18.) Therein, defendants argue that plaintiff's claims against defendants Donald Glaser and Katherine A. Thompson should be dismissed because the only proper defendant in a civil action brought by a federal employee pursuant to Title VII is the head of the agency, here Kenneth L. Salazar,

1

Secretary of the Interior.  Accordingly, defendants Donald Glaser and Katherine A. Thompson seek dismissal of the complaint with prejudice as to themselves.  Defendants' motion refers plaintiff to Local Rule 230 with respect to the requirement of filing an opposition or notice of non-opposition in response to a properly noticed motion, and a copy of defendants' motion to dismiss was served on plaintiff.  (Doc. No. 18 at 4.)

On October 12, 2012, defendants' filed a reply noting that plaintiff failed to file an opposition or statement of non-opposition to their motion to dismiss.  (Doc. No. 19.)  Again, defendants' reply referred plaintiff to Local Rule 230 and a copy of defendants' reply was served on plaintiff.  (Doc. No. 19 at 3.)  Despite having had ample time to do so, plaintiff has not filed written opposition or a statement of non-opposition to defendants' motion to dismiss.

Pursuant to the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date." Local Rule 230(c).  "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Id. Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110.  Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  Failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiff has failed to comply with Local Rule 230.  In light of plaintiff's pro se status and in the interests of justice, the court will provide plaintiff with an opportunity to

/////

/////

/////

show good cause for her conduct along with a final opportunity to respond to defendants' pending motion.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall show good cause in writing, no later than November 8, 2012, for failing to respond to defendants' motion to dismiss and shall show why sanctions should not be imposed due to her failure to file timely opposition or non-opposition to the pending motion to dismiss;

2. Any response to this order must be filed with the court and served on defendants' attorney of record; the response must be accompanied by opposition or a statement of non-opposition to defendants' motion to dismiss; if plaintiff files opposition to the motion, she must address all arguments presented in the motion;

3. If plaintiff files opposition to defendants' motion on or before November 8, 2012, defendants' reply, if any, shall be filed and served no later than November 15, 2012;

4. Plaintiff is cautioned that failure to file and serve a written response to this order, along with opposition or a statement of non-opposition to defendants' motion, will be deemed a statement of non-opposition to the granting of defendants' motion; and

5. The Status (Pretrial Scheduling) Conference previously set for November 9, 2012 is hereby vacated.

DATED: October 22, 2012.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\burks1975.osc

---

[1] Due to plaintiff's failure to file an opposition to defendants' motion in accordance with Local Rule 230, the court has not heard oral argument on defendants' motion to dismiss. However, the court may reopen the matter for further briefing or oral argument after considering plaintiff's response to this order.  See Local Rule 230(g).