IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHLEEN DENESE BURKS,

    Plaintiff,                         No. CIV 2:12-cv-1975-JAM-AC (PS)

  vs.

KENNETH SALAZAR, *Secretary of the Dep't of the Interior*, *et al.*,

    Defendants.                     <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        This matter is before the court on defendants' motion to dismiss. Defendants Donald Glaser and Katherine Thompson seek dismissal of this action with prejudice as to them as a matter of law. Plaintiff has filed a statement of non-opposition. On review of the motion, the documents filed in support, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

        Plaintiff, an African-American female proceeding in pro per, initiated this action on May 4, 2012 in the Northern District of California and is proceeding against defendants Kenneth Salazar, Secretary of the Department of Interior ("DOI"); Donald Glaser, Regional Director of the DOI; and Katherine Thompson, Assistant Regional Director of the DOI.

1   Plaintiff's suit is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

2   § 2000e *et seq.*, and alleges race and age discrimination, retaliation, and harassment.

3          This case was transferred to this court on July 30, 2012.  On September 17, 2012,

4   the moving defendants filed the instant motion to dismiss.  Plaintiff has filed a statement of non-

5   opposition to the instant motion.

6          Also pending is plaintiff's October 23, 2012 motion for permission to file

7   electronically.  Doc. No. 21.  Because this request complies with Local Rule 133(b)(3), which

8   governs requests by pro se parties to file documents electronically, it will be granted.

9          DISCUSSION

10         Defendants Glaser and Thompson seek dismissal of this action with prejudice as

11  to them on the ground that plaintiff's Title VII claim cannot be brought against individual

12  defendants.  Defendants' point is well-taken.  "[T]he Civil Rights Act of 1964, as amended,

13  provides the exclusive judicial remedy for claims of discrimination in federal employment."

14  <u>Brown v. General Services Administration</u>, 425 U.S. 820, 835 (1976).  In a civil action brought

15  pursuant to Title VII, "the head of the department, agency, or unit, as appropriate, shall be the

16  defendant."  42 U.S.C.A. § 2000e–16.  The Ninth Circuit has "consistently held that Title VII

17  does not provide a cause of action for damages against supervisors or fellow employees."  <u>Holly</u>

18  <u>D. v. Cal. Inst. of Tech.</u>, 339 F.3d 1158, 1179 (9th Cir. 2003) (internal citations omitted).  Thus,

19  while a Title VII plaintiff may bring claims against the head of an agency in his or her official

20  capacity, federal officials cannot be sued in their individual capacities.  See <u>Sommatino v.</u>

21  <u>United States</u>, 255 F.3d 704, 707 n.1 (9th Cir. 2001); <u>White v. Gen. Servs. Admin.</u>, 652 F.2d

22  913, 916 (9th Cir. 1981).  Furthermore, insofar as plaintiff's age discrimination claim should be

23  brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et*

24  *seq.*, the provision identifying the proper defendant for a discrimination action brought under

25  Title VII, "also applies to age discrimination claims brought under the ADEA."  <u>Romain v.</u>

26  <u>Shear</u>, 799 F.2d 1416, 1418 (9th Cir. 1986), cert. denied, 481 U.S. 1050 (1987).  Plaintiff's

statement of non-opposition recognizes this legal framework and has no opposition to the granting of the defendants' motion to dismiss. Based on the foregoing, defendants' motion should be granted.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to file electronically (Doc. No. 21) is granted; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' September 17, 2012 motion to dismiss (Doc. No. 18) be granted;

2. Defendants Donald Glaser and Katherine Thompson be dismissed from this action with prejudice;

3. Plaintiff be directed to file an amended complaint within thirty days of the order adopting these findings and recommendations; and

4. Defendant Salazar be directed to file an answer to the amended complaint within thirty days of its service.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 95 1 F.2d 1153 (9th Cir. 1991).

DATED: December 3, 2012.

_____/s/_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;burk1975.mtd